USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/12/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  DAMIAN DALLA-LONGA,

                        Petitioner,      19 Civ. 11246 (LGS)

        -against-                     ORDER

  MAGNETAR CAPITAL LLC,

                        Respondent.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by letter to the Chambers inbox dated December 11, 2019, Respondent requested that the Court seal Petitioner's Petition to Vacate Arbitration Award, exhibits thereto, "and any other documents to be filed in the case.";

WHEREAS, Respondent asserts that these documents must be sealed because Petitioner entered into an agreement with Respondent at the time of his hire, in which he expressly agreed to keep confidential and non-public "[a]ll information regarding the dispute or claim or mediation or arbitration proceedings, including the mediation settlement or arbitration award . . . except for communications with attorneys, accountants, immediately [sic] family, personal advisors, and/or state or federal governmental agencies with authority over employment-related matters.";

WHEREAS, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). "Broad and general findings by the trial court, however, are not sufficient to justify closure." *Id.*;

WHEREAS, petitions to vacate arbitration awards "are indisputably judicial documents to which the presumption of access attaches." *Century Indem. Co. v. AXA Belgium*, No. 11 Civ. 7263, 2012 WL 4354816, at *13 (S.D.N.Y. Sept. 24, 2012) (collecting cases). "[M]ere existence

of a confidentiality agreement does not demonstrate that sealing is necessary." *Id.* at *14 (quotation marks and alterations omitted); *accord Park Ave. Life Ins. Co. v. Allianz Life Ins. Co. of N. Am.*, No. 19 Civ. 1089, 2019 WL 4688705, at *3 (S.D.N.Y. Sept. 25, 2019) (declining to "keep any of the documents at issue . . . under seal" in an action in which the parties moved for confirmation of an arbitration award).

> [W]hile parties to an arbitration are generally permitted to keep their private undertakings from the prying eyes of others, the circumstance changes when a party seeks to enforce [or vacate] in federal court the fruits of their private agreement to arbitrate, *i.e.* the arbitration award.

*Id.* at *14.; *accord Harper Ins. Ltd. v. Century Indem. Co.*, 819 F. Supp. 2d 270, 281 n.15 (S.D.N.Y. 2011) (observing that the Court rejected the parties' request to bring an action to vacate an arbitration award entirely under seal);

WHEREAS, Respondent further identifies specific financial and business information confidential to Respondent that is disclosed in the Petition;

WHEREAS, although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 119–20 (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."); it is hereby

**ORDERED** that Respondent's request to seal the Petition and exhibits thereto, "and any other documents to be filed in the case" is DENIED. It is further

**ORDERED** that Respondent shall email the Court proposed redactions to the Petition to Vacate Arbitration (Dkt. No. 3) by **December 17, 2019** pursuant to this Court's Individual Rules.

The Clerk of Court is respectfully requested to remove the Petition to Vacate Arbitration (Dkt. No. 3) from the docket.

Dated: December 12, 2019
   New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**