USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
DAMIAN DALLA-LONGA,

        Petitioner,

   -against-

MAGNETAR CAPITAL LLC,

        Respondent.
------------------------------------------------------------- X

19 Civ. 11246 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, by letter to the Chambers inbox dated December 17, 2019, Respondent provided proposed redactions to the Petition to Vacate Arbitration;

  WHERAS, although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Respondent's proposed redactions are accepted as to the following information:

- Specific, numerical, <u>non-public</u> information relating to the make-up, size and performance of the fund. This does not include general allegations regarding legacy or "underwater" funds;

- Specific, numerical, non-public information relating to Magnetar's performance fees; and

- The identity of current and former employees of Magnetar.

Redacting this information is necessary to prevent the unauthorized dissemination of confidential

business information;

WHEREAS, Respondent's remaining proposed redactions are overly broad. "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. It is hereby

ORDERED that Respondent shall email the Court revised proposed redactions by December 23, 2019. If Respondent believes there is additional information in the Petition that does not fall into the categories identified herein and should be redacted, Respondent may propose such redactions concurrently with the email and, in a cover letter: (1) itemize each additionally proposed redaction; and (2) provide the factual and legal justifications for the proposal.

Dated: December 18, 2019
      New York, New York

                                      LORNA G. SCHOFIELD
                                  UNITED STATES DISTRICT JUDGE