UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
DAMIAN DALLA-LONGA, :
:
                               Petitioner, :
:
               -against- :
:
MAGNETAR CAPITAL LLC, :
:
                              Respondent. :
------------------------------------------------------------- X

19 Civ. 11246 (LGS)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/03/2020

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on December 13, 2019, the Court granted Petitioner's request for an extension to file the memorandum of law in support of his petition to vacate the arbitration award. Petitioner was ordered to file the memorandum of law by December 27, 2019 (Dkt. No. 7);

      WHEREAS, on December 23, 2019, the Court denied Petitioner's request for a further extension to file the memorandum of law in support of his petition to vacate the arbitration award (Dkt. No. 22);

      WHEREAS, on December 27, 2019, Petitioner filed a memorandum of law in support of his petition to vacate the arbitration award. (Dkt. No. 23). No documents in support of the memorandum of law were filed;

      WHEREAS, on December 30, 2019 at 11:53 p.m., Petitioner sent an email to Chambers, requesting permission to file an attached amended/corrected memorandum of law on the grounds that (1) the memorandum of law that was filed is a draft version "replete with errors meant to be fixed in a final complete draft," and (2) the supporting exhibits and affidavit were not filed due to technological difficulties in filing. Petitioner further requested permission to exceed the number of exhibits permitted by Individual Rule III.B.3, and additionally requested an unspecified

exception to Individual Rule III.B.1. Pursuant to Court Order, this letter was filed on ECF on January 3, 2020 (Dkt. No. 27);

WHEREAS, on January 6, 2020, Respondent filed a letter on ECF objecting to Petitioner's request to file an "amended/corrected" version of his memorandum of law as an attempt to circumvent this Court's orders denying Petitioner's request for a further extension of the filing deadline. The letter further objects to the memorandum of law as violating this Court's Individual Rules; and to the proposed exhibits and affidavit because they were not served on Respondent by the December 27, 2019 deadline, and because they also violate this Court's Individual Rules (Dkt. No. 29);

WHEREAS, on January 16, 2020, Petitioner was granted leave to email the Court an amended/corrected memorandum of law in support of his petition to vacate the arbitration award, with supporting documentation, by January 23, 2020. Petitioner was directed to ensure any such memorandum of law and supporting documentation were compliant with this Court's Individual Rules (Dkt. No. 33);

WHEREAS, on January 23, 2020, Petitioner emailed the Court an amended/corrected memorandum of law that was not compliant with this Court's Individual Rules, and simultaneously requested by letter permission to submit a memorandum in excess of the page limits set by this Court's Individual Rules;

WHEREAS, on January 24, 2020, Petitioner was ordered to email the Court, by January 28, 2020, an amended/corrected memorandum of law in support of his petition to vacate the arbitration award with supporting documentation. The Court denied Petitioner's request for additional pages as untimely. Petitioner was directed to ensure any such memorandum of law and supporting documentation were compliant with this Court's Individual Rules, and warned

that any pages filed in excess of the page limits set in this Court's Individual Rules would not be considered by this Court (Dkt. No. 34);

WHEREAS, on January 28, 2020, Petitioner emailed the Court an amended/corrected memorandum of law with supporting exhibits that were not compliant with this Court's Individual Rules;

WHEREAS, on January 31, 2020, Respondent filed a letter observing that the documents filed in support of Petitioner's memorandum of law did not comply with this Court's Individual Rules, and requesting an extension to the February 4, 2020 deadline to propose redactions (Dkt. No. 37). It is hereby

**ORDERED** that, pursuant to this Court's warning that any pages filed in excess of the page limits set in this Court's Individual Rules would not be considered by this Court, the Court will consider only the first 225 pages of the exhibits submitted in support of Petitioner's memorandum of law. It is further

**ORDERED** that the parties' deadline to jointly propose redactions to the memorandum of law and supporting documents, pursuant to this Court's Order at Dkt. No. 25, is extended to **February 14, 2020**. The parties shall only propose redactions to the first 225 pages of the exhibits submitted in support of Petitioner's memorandum of law. The parties may propose redactions to entire pages to which the memorandum of law does not cite, to the extent that the pages contain confidential information and do not contain information relevant to the Petition.

Dated: February 3, 2020, 2020
      New York, New York

                                          **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**