```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
   DAMIAN DALLA-LONGA,                                        :
                                    Petitioner,               :
                                                              :     19 Civ. 11246 (LGS)
                 -against-                                    :
                                                              :     OPINION AND ORDER
   MAGNETAR CAPITAL LLC,                                      :
                                    Respondent.               :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Petitioner Damian Dalla-Longa has filed a Petition to vacate an arbitration award. Respondent Magnetar Capital LLC moves to dismiss the Petition on the ground that Petitioner failed to serve Respondent proper and timely notice of the Petition as required by the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 12. For the reasons below, the motion to dismiss is granted.

**I.   BACKGROUND**

The following undisputed facts are from the parties' submissions. In 2017, Petitioner commenced arbitration proceedings relating to the termination of his employment against Respondent with the American Arbitration Association ("AAA") in New York City, New York. On September 9, 2019, the parties received the AAA's award, which unanimously denied and dismissed all of Petitioner's claims with prejudice. On December 9, 2019, the instant Petition was filed, and at 9:06 PM that evening, Petitioner's counsel emailed a copy of the Petition to Respondent's counsel in the underlying arbitration.

**II.   STANDARD**

Petitions to vacate an arbitration award are governed by the FAA. *See* 9 U.S.C. §§ 9-12; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("The [FAA] . . .

supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it."). "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. A "party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run." *Florasynth*, *Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984); *accord Anglim v. Vertical Grp.*, No. 16 Civ. 3269, 2017 WL 543245, at *7 (S.D.N.Y. Feb. 10, 2017) (holding that Section 12's three-month time limit is "absolute" and "strictly construed").

Where, as here, "the adverse party is a resident of the district within which the award was made, service must be made as prescribed by law for service of motion in an action in the same court."[1] 9 U.S.C. § 12. Pursuant to Rule 5, "[a] paper is served under this rule by filing it with the court's electronic-filing system or sending it by other electronic means that the person [served] consented to in writing." FED. R. CIV. P. 5(b)(2)(E).

## III. DISCUSSION

Petitioner failed to serve proper notice of the Petition within three months of the date the arbitration award was delivered. Respondent did not consent in writing to service by email, and therefore Petitioner's service of notice of the Petition was improper under Rule 5. *See* FED. R. CIV. P. 5(b)(2)(E); *Martin v. Deutsche Bank Sec. Inc.*, 676 F. App'x 27, 29 (2d Cir. 2017) (summary order). Because service was improper, the Petition is dismissed. *See, e.g., Martin*, 676 F. App'x at 29 (affirming dismissal of petition to vacate an arbitration award where petitioner served notice of the petition by email without consent to such service in writing).

---

[1] Neither party disputes that Respondent is a resident of New York for purposes of this rule.

Petitioner argues that service by email was proper for three reasons: (1) Respondent consented to service by email during the underlying arbitration; (2) the Federal Rules of Civil Procedure allow service of summons pursuant to state law, and service by email under New York state law is proper; and (3) Petitioner's "good-faith reliance" on Second Circuit precedent, AAA Rules and defense counsel's actual notice should excuse any errors in service. These arguments are unpersuasive.

### A.     Consent to Electronic Service

Petitioner asserts that, in the underlying arbitration, the parties consented to service in accordance with AAA Employment Rule 38, which states:

> Any papers, notices, or process necessary for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail . . . . Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (e-mail), or other methods of communication."

American Arbitration Association Employment Arbitration Rules & Mediation Procedures § 38(a)-(b) (2009). On that basis, Petitioner argues that Respondent impliedly consented to electronic service of notice of the Petition. This argument is incorrect.

By its clear language, AAA Employment Rule 38 does not govern service of notice of a petition to vacate an arbitration award. Accordingly, any consent by Respondent to electronic service of "papers, notices, or process necessary for the initiation or continuation of an arbitration," or "for any court action in connection therewith," AAA Employment Rule 38, does not extend to notice of the Petition, which is neither an "initiation" or a "continuation" of the underlying arbitration, nor a court action connected to the initiation or continuation of the underlying arbitration.

Consent to service of notice of petitions to vacate arbitration awards by email cannot be implied by prior conduct in the underlying arbitration.  The Second Circuit recently addressed exactly this issue in an unpublished opinion.  There, a petitioner attempted to serve by email a notice of a petition to vacate an arbitration award.  *See Martin*, 676 F. App'x at 28.  The Second Circuit rejected petitioner's argument that consent to service by email "can be implied . . . from the parties' pattern and practice of communicating by e-mail in the underlying arbitration":

> The argument fails because the plain language of Rule 5 requires the recipient of electronic service to have "consented in writing," which was not done here.  Further, the advisory committee notes to the Rule explain that the requisite consent "must be express, and cannot be implied from conduct."

*Id*. at 29 (citing FED. R. CIV. P. 5 advisory committee's note to 2001 amendment).  This ruling is persuasive and consistent with past rulings in this District.  *See, e.g., Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 228 (S.D.N.Y. 2012); *Ortiz-Moss v. New York City Dep't of Transp.*, 623 F. Supp. 2d 404, 407 (S.D.N.Y. 2008).[2]

Petitioner argues that *Doctors Assocs., Inc. v. Stuart*, 85 F.3d 975, 982 (2d Cir. 1996), controls, but that decision addresses service of motions to compel arbitration rather than service of petitions to vacate an arbitration award.  *See id.*, at 982.  The difference is significant because service of a petition to vacate an arbitration award is governed by Section 12 of the FAA, which

---

[2] Petitioner argues that *Martin* is distinguishable because, there, the recipient party conditionally agreed to accept service via email if given an extension of time to respond to the petition, and the petitioner did not agree.  But this argument disregards the Second Circuit's rejection on separate grounds of the petitioner's argument that consent could be implied from the parties' communication by e-mail in the underlying litigation, which is exactly what Petitioner argues here.  *See Martin v. Deutsche Bank Sec. Inc.*, 676 F. App'x 27, 29 (2d Cir. 2017) (summary order).  Petitioner also argues that *Martin* is distinguishable because it involved a FINRA arbitration and the use of a "party portal," and that the petitioner there did not make a "pattern or practice argument" as Petitioner does here.  Both arguments are rejected because the Second Circuit quotes the appellant as arguing that "consent can be implied here from the parties' 'pattern and practice of communicating by e-mail in the underlying arbitration,'" *id.*, and nowhere mentions the use of a "party portal" as relevant to the analysis or otherwise.

in turn points to Rule 5, Fed. R. Civ. P. 5., as discussed above.  In contrast, the Court in *Doctors Assocs., Inc.* held that the proper means of service of a motion to compel arbitration is determined pursuant to the arbitration provision pursuant to which the parties contractually agreed to arbitrate the at-issue dispute.  *See Doctors Assocs., Inc.* at 982.  Based on the contract in that case, the Second Circuit found that the parties had agreed to service pursuant to AAA Employment Rule 38 (then Rule 40).  *Id.*  This holding is inapplicable here.

Also, the disputed service in *Doctors Assocs., Inc.* was made on counsel found to be "unquestionably [defendant's] representative." *Id* at 982.  In contrast, here defense counsel who received the email was not -- at the time Petitioner emailed the notice of the Petition -- reasonably known to be Respondent's counsel in this matter.  Rather, she was at that time Respondent's counsel only in the underlying arbitration.  "[S]ervice of process on an attorney not authorized to accept service for his client is ineffective." *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990); *see also Williams-Steele v. TransUnion*, 642 F. App'x 72, 73 (2d Cir. 2016) (summary order) (Where plaintiff "had a copy of the summons and complaint served on the law firm that had represented [defendant] in [a] prior action" but defendant "had not authorized the law firm to accept service on its behalf" in the instant action, the court found that "the attempted service on [defendant] was ineffective, and the entry of default was correctly vacated because [defendant] was not properly served.").

**B.    Service Pursuant to State Law**

Petitioner argues that service by email was proper because it is permitted under New York state law.  Petitioner relies on Federal Rule of Civil Procedure 4(h)(2), which allows service of summons on corporations "in the manner prescribed by Fed. R. Civ. P. 4(e)(1)," and Federal Rule of Civil Procedure 4(e)(1), in turn, allows for service "following state law for

5

serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made." This argument is unpersuasive.

The FAA provides, as relevant here, that "[n]otice of a motion to vacate . . . an award must be served upon the adverse party or his attorney . . . as prescribed by law for service of *notice of motion* in an action in the same court." 9 U.S.C. § 12 (emphasis added). The Federal Rule of Civil Procedure that provides for service of notice of motion is Rule 5, which governs service of "pleadings and other papers," FED. R. CIV. P. 5, rather than Rule 4, which governs the service of a summons. *See* FED. R. CIV. P. 4; *see also Martin*, 676 F. App'x at 29 (observing that FAA Section 12, in its requirement that motions to vacate arbitration awards be served "as prescribed by law for service of notice of motion in an action in the same court," refers here to "Fed. R. Civ. P. 5"). New York state law regulating service is irrelevant.

C.   **Excusing Failure to Serve**

Petitioner argues that the Court should excuse any errors in service because every effort was made to ensure that service was proper. But the law does not excuse improper service on equitable grounds. "No exception to [the] three month limitations period [to serve notice of a motion to vacate an arbitration award] is mentioned in the statute," and "there is no common law exception to the three month limitations period on the motion to vacate." *Florasynth, Inc.*, 750 F.2d at 175; *accord Anglim*, 2017 WL 543245, at *7 (denying a motion to confirm, vacate and modify to the extent that it sought vacatur or modification of the award because, *inter alia*, notice of the motion was served three months and one day after delivery of the award).

Petitioner cites *Matter of Arbitration between InterCarbon Bermuda, Ltd. & Caltex Trading and Transport Corp.*, which held that "[d]efects in service of process may nevertheless be excused where considerations of fairness so require, at least in cases that arise pursuant to

6

arbitration proceedings." 146 F.R.D. 64, 68 (S.D.N.Y. 1993). But *InterCarbon* is distinguishable; there, the issue addressed by the Court was service under the FAA on foreign parties, and the Court found that because "Section 12 provides no method of service for foreign parties not resident in any district of the United States," "the proper fallback provision for service of process is Fed. R. Civ. P. 4." *Id.* at 67. This holding is inapplicable here, where Section 12 is applicable and the methodology for proper service is clear.

Finally, Petitioner asserts in a conclusory fashion that Respondent's motion is "futile" because, "[u]nder New York's Saving Statute, CPLR § 205(a), the case could be refiled within six months." But CPLR § 205(a) applies only where "an action is timely commenced." Where, as here, an action is dismissed for failure to timely serve, CPLR § 205(a) does not apply. *See, e.g.*, *Tenenbaum v. Setton*, 49 Misc. 3d 39, 41, 18 N.Y.S.3d 498 (2d Dep't 2015) (finding, where petitioner failed to timely serve respondent with a motion to confirm arbitration, that "personal jurisdiction [was] not obtained" and petitioner "not entitled to the six-month extension provided by CPLR 205(a)").

### IV. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition to vacate the arbitration award is GRANTED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 41 and to close the case.

Dated: August 4, 2020
      New York, NY

                                          LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE